UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **EUGENE D. LANSANGAN** | **CIVIL ACTION NO. 17-1537** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **SETH COX** | **MAG. JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

Plaintiff Eugene D. Lansangan, proceeding pro se and in forma pauperis, filed the instant Complaint under 42 U.S.C. § 1983 on November 21, 2017.[1] On April 11, 2018, the Court ordered Plaintiff to amend his Complaint by May 11, 2018, in order to remedy certain deficiencies, and provide specific information. The Court cautioned that Plaintiff's suit might be dismissed if he failed to comply. Instead of amending, Plaintiff filed a motion to stay the proceeding. On May 18, 2018, the Court denied Plaintiff's motion and ordered him to amend by June 8, 2018.

A district court may dismiss an action based on a plaintiff's failure to prosecute or comply with a court order. FED. R. CIV. P. 41(b). A court possesses the inherent authority to dismiss the action sua sponte on this basis. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *Id.*

Here, Plaintiff failed to comply with the Court's Order to amend by the June 8, 2018,

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

deadline. Accordingly, **IT IS RECOMMENDED** that Plaintiff Eugene D. Lansangan's Complaint be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 23rd day of July, 2018.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE